FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 SEP 20 AM 11: 59
CLERK R. ~~~
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

HORACIO RESPREPO-CARVAJAL,

Petitioner,

vs.

CIVIL ACTION NO.: CV211-104

ANTHONY HAYNES, Warden,

Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Horacio Restrepo-Carvajal ("Restrepo"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Restrepo filed a Traverse. For the reasons which follow, Restrepo's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Restrepo is serving a 60-month sentence for the crime of re-entry of a removed alien, in violation of 8 U.S.C. §§ 1326(A), (B)(1), and (B)(2). (Doc. No. 7-1, Resp't Ex. 1, p. 2). He is serving an additional 5-month sentence for the crime of possessing a prohibited item in prison, in violation of 18 U.S.C. § 1791(A)(2). (Doc. No. 7-1, Resp't Ex. 1, p. 3). Restrepo is serving a total of 65 months.

In the instant petition, Restrepo seeks an order from the Court directing the Bureau of Prisons ("BOP") to (1) reinstate 80 days of good conduct time and (2) either vacate one of the two disciplinary reports filed against him or have the sanctions for the two disciplinary reports run concurrent with each other. (Doc. No. 1). Respondent contends that Restrepo's petition should be dismissed for want of subject matter jurisdiction based on Restrepo's failure to exhaust his administrative remedies. (Doc. No. 7).

## DISCUSSION AND CITATION OF AUTHORITY

Inmates are required to exhaust administrative remedies prior to seeking relief in federal court by filing a petition for a writ of habeas corpus. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements"). If a prisoner does not exhaust administrative remedies available to him, the Court lacks subject matter jurisdiction to hear his petition. Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992).

Inmates at FCI Jesup must exhaust BOP administrative remedies, as required by the Code of Federal Regulations set out in 28 C.F.R. §§ 542.10–542.19, beginning the grievance process locally by presenting their complaint for informal resolution. (Doc. No. 7-1, Resp't Ex. 2, p. 2). If informal resolution is unsuccessful, the inmate may seek formal review locally by filing a written administrative remedy request with the Warden at FCI Jesup. Id. If the inmate is not satisfied with the Warden's response, the inmate may appeal to the Regional Director. Id. When an inmate is appealing the decision of a Disciplinary Hearing Officer ("DHO"), the appeal should be filed directly with the

AO 72A
(Rev. 8/82)

Regional Director, bypassing the formal filing with the local Warden. Id. If the inmate is not satisfied with the Regional Director's response, the inmate may make a final appeal to the Office of the General Counsel. Id. If at any time a request or appeal is rejected, the inmate should be provided notice of such and, when the defect is correctable, be given a reasonable time within which to correct the defect and resubmit the request or appeal. 28 C.F.R. § 542.17.

On April 6, 2010, Restrepo filed Administrative Remedy Number 584359-R1 with the BOP's Southeast Regional Office, appealing a DHO decision calling for disallowance and forfeiture of good conduct time credit. (Doc. No. 7-1, Resp't Ex. 2, p. 2). The remedy request was rejected the following day for several reasons, including that Restrepo had not attached a copy of the DHO Report to his appeal and not all pages of the appeal form were legible. Id. Restrepo was notified of the rejection and given ten (10) days to correct the deficiencies. Id. Restrepo did not resubmit his appeal, Administrative Remedy Number 584359-R2, until May 11, 2010; it was rejected for being untimely. (Doc. No. 7-1, Resp't Ex. 2, p. 3). On June 15, 2010, Restrepo submitted an appeal with the Office of the General Counsel, Administrative Remedy Number 584359-A1, which was rejected because it was both untimely and filed at the incorrect level of appeal. Id. On July 26, 2011, Restrepo filed a remedy request with the Warden at FCI Jesup, Administrative Remedy Number 649197-F1, requesting a reduction in the disciplinary code violation for Incident Report Number 1981620, one of the two incident reports at issue in the present matter. Id. This request was denied. Id. Dissatisfied with this result, Restrepo appealed the denial of Administrative Remedy Number 649197-F1 to the Regional Office on August 9, 2011. Id. The appeal was

rejected because Restrepo did not attach a copy of the DHO Report to the appeal. Id. Restrepo was notified of the rejection and given ten (10) days to correct the deficiency. Id. Restrepo has not resubmitted his appeal. Id.

Restrepo is not entitled to § 2241 relief. Restrepo has failed to properly comply with the BOP administrative remedy process; therefore, he has not exhausted his BOP administrative remedies with regard to the issues raised in his petition. Since Restrepo has not exhausted his available administrative remedies, the Court lacks subject matter jurisdiction to hear his petition.

## CONCLUSION

It is my **RECOMMENDATION** that Restrepo's § 2241 petition be **DISMISSED**, without prejudice, based on Restrepo's failure to exhaust his available administrative remedies.

**SO REPORTED** and **RECOMMENDED**, this 28th day of September, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE